[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The defendant-appellant, Daniel Billingsley, appeals from his conviction for trafficking in cocaine, a violation of R.C.2925.03(A)(2), possession of cocaine, a violation of R.C. 2925.11, and the accompanying major-drug-offender specification on each count. After finding Billingsley guilty at a bench trial, the trial court sentenced him to concurrent ten-year prison terms. In his two assignments of error, Billingsley contends that the trial court erred by (1) sustaining objections to his recross-examination of a state's witness, and (2) overruling his motion for a judgment of acquittal pursuant to Crim.R. 29 after the state rested. Neither assignment has merit and thus we affirm.
 {¶ 3} On December 11, 2001, officers of the Springdale Police Department responded to a call from employees at a Howard Johnson's hotel regarding suspicious odors emanating from one of the rooms. When the officers arrived at the hotel, they saw Billingsley and another man later identified as Simeon Gunn leave the parking lot in a Jeep Cherokee. They then went to the room in question and were admitted by Kymmona Thibodeaux. Once inside, the officers quickly ascertained the presence of cocaine in a garbage can, marijuana residue in an ashtray, and razor blades. The officers then began a more thorough search of the room. In the toilet tank they found an electric scale, more razor blades, and zippered baggies. Elsewhere they found a Western Union wire transfer from Billingsley to Gunn, Billingsley's birth certificate, a social security card bearing Billingley's name, Billingsley's cellular phone, his Perry Ellis boots, $1,129 in United States currency, and seven rocks of cocaine weighing approximately 163 grams. One rock had been broken down and distributed into fifty baggies.
 {¶ 4} While the officers were still in the room, Gunn entered and Billingsley walked past the door and down the hall. Both were arrested. Billingsley denied knowledge of the contraband, claiming that he came from Michigan with Gunn and Thibodeaux to inquire about residing in the area. Billingsley's fingerprints, however, were later found on the case of the electric scale found in the toilet tank.
 {¶ 5} Testifying for the state, Thibodeaux admitted that she had cooperated with police in return for a two-year sentence. She testified on direct examination that Billingsley, Gunn, and she were staying in the same hotel room. She said they were smoking marijuana and preparing the crack cocaine for distribution.
 {¶ 6} On redirect examination, the prosecutor questioned Thibodeaux about the following subjects: (1) the original statement that she had made to police and why she had changed her story; and (2) the photographs marked as state's exhibits 5 (table), 12 (hotel room), 2 (Jeep Cherokee), and 27 (crack cocaine). On recross-examination, counsel for Billingsley began to ask Thibodeaux about statements that she had made about purchasing crack cocaine from a person named Tonya. The trial court sustained the prosecutor's objection on the basis that counsel's questions were beyond the scope of redirect examination. Indeed, in sustaining the objection the court characterized the line of questioning as "way outside" the scope of the prosecution's redirect examination.
 {¶ 7} The scope of recross-examination of a witness is limited tonew matters raised on redirect examination. State v. Faulkner (1978),56 Ohio St.2d 42, 46, 381 N.E.2d 934. The Ohio Supreme Court has held that "control of redirect examination is committed to the discretion of the trial judge and a reversal upon that ground can be predicated on nothing less than a clear abuse thereof." State v. Wilson (1972),30 Ohio St.2d 199, 203, 283 N.E.2d 632. Here, on redirect examination, the prosecution asked an extremely limited series of questions to reemphasize that Thibodeaux had repudiated her original statement upon the realization that she would receive more than probation if she were "to take the fall." Billingsley's counsel, by attempting to go back over the contents of the various statements that she had given to the police, was clearly attempting to exceed the permitted scope of recross-examination. Billingsley has failed to show that the trial court committed any error by cutting off the questioning when it did. Although not necessary to preserve the issue for appellate review, we note that Billingsley's counsel did not make any effort to demonstrate to the court how Thibodeaux's answers to the questions might have placed the inquiry back within the permitted scope of recross-examination. The assignment of error is overruled.
 {¶ 8} Billingsley's second assignment of error, contending that the trial court erred in denying his motion for a judgment of acquittal, is also overruled.
 {¶ 9} R.C. 2925.03(A)(2) states, "No person shall knowingly [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." R.C.2925.11 states, "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 10} The purpose of a Crim.R. 29 motion is to test the sufficiency of the evidence. A trial court cannot grant a judgment of acquittal pursuant to Crim.R. 29 if the evidence is such "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. The weight to be given the evidence and the credibility of the witnesses is for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 11} In view of the evidence presented by the state, which included Thibodeaux's testimony about Billingsley's involvement in cutting up crack cocaine and putting it in baggies, his telltale fingerprint on the scale case, and state's exhibit 27, a photograph of the contraband seized in the hotel room by the police officers, the trial court did not err in overruling Billingsley's motion for a judgment of acquittal under Crim.R. 29.
 {¶ 12} Therefore, the judgment of the trial court is affirmed.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.